This case arises out of a conviction of the felony offense of driving under the influence of alcohol (D.U.I.), a violation of §§ 32-5A-191(a) and 32-5A-191(h), Ala. Code 1975. The majority affirms the conviction based on State v. Parker, [Ms. CR-95-1435, September 26, 1997] ___ So.2d ___ (Ala.Cr.App. 1996) (on rehearing). In Parker, this court held that § 32-5A-191(h) sets out a separate substantive offense that includes as elements a defendant's prior D.U.I. convictions. Judge Long dissented from the decision in Parker, and on rehearing authored a dissenting opinion in which I concurred. In that dissent he noted that the majority's interpretation of the D.U.I. statute was inherently problematic. Because this case presents one of those problems, I respectfully dissent.
In this case, McDuffie argued before the trial court and on appeal that the indictment stated a charge that was impossible for the State to prove. Specifically, he argued that the State, in this instance, could not prove a "fourth conviction" as an element of the felony offense of D.U.I., because as he states, it will not have occurred at that point. I agree and note Judge Long's observations in his dissent in Parker:
 "[B]ecause the current conviction obviously cannot occur before the close of the state's case-in-chief, the state can never hope to prove to a jury all of the essential elements of the offense. Only by engaging in a fiction that the current conviction has already occurred, even before a verdict has been returned, can the trial court ever rule, when presented with a motion for a judgment of acquittal following the state's case, that the state has established a prima facie case of a substantive offense."
Parker, ___ So.2d at ___.
While I recognize that Parker is controlling law, I feel compelled to again note my *Page 1121 
disagreement with the majority's interpretation of §32-5A-191(h). Therefore, I respectfully dissent.